**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DWAYNE WINFREY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 08-CV-0174-CVE-SAJ |
| | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 8). In response to the motion to dismiss, Petitioner, a state inmate appearing *pro se*, filed a "motion to stay" (Dkt. # 12), requesting that this case be stayed temporarily until the Oklahoma Court of Criminal Appeals ("OCCA") resolves his post-conviction appeal. On September 23, 2008, Petitioner filed a supplement (Dkt. # 13) to his amended petition for writ of habeas corpus. The supplement is a copy of the OCCA's ruling, filed September 16, 2008, in PC-2008-635, dismissing Petitioner's post-conviction appeal as untimely. Based on Petitioner's supplementation of the record and for the reasons discussed below, the Court finds Respondent's motion to dismiss shall be denied and Petitioner's "motion to stay" shall be declared moot.

*BACKGROUND*

The record provided by Respondent indicates that Petitioner was convicted by a jury of Trafficking in Illegal Drugs (Cocaine) (Count I), and Failure to Obtain a Drug Tax Stamp (Count II), both After Former Conviction of a Felony, in Tulsa County District Court, Case No. CF-2005-

5770. He was sentenced to twenty (20) years imprisonment and fined $25,000 on Count I, and fined $3,000 on Count II. Petitioner was represented at trial by Assistant Public Defender Paula Keck.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented on appeal by attorney Stephen J. Greubel, Petitioner raised one (1) proposition of error, as follows:

1. The state failed to sustain its burden of proving that Appellant Winfrey knowingly and intelligently waived his Fifth Amendment privilege.

See Dkt. # 9, Ex. 1. In an unpublished summary opinion, filed June 13, 2007, in Case No. F-2006-545, the OCCA rejected the claim and affirmed the judgment and sentence of the trial court. (Dkt. # 9, Ex. 5).

On August 15, 2007, Petitioner filed an application for post-conviction relief (Dkt. # 9, Ex. 2). He alleged three (3) grounds of error, as follows:

1. The affidavit for the search warrant in this case was insufficient.

2. Trial counsel was ineffective at *Jackson v. Denno* hearing.

3. Trial judge did not instruct jury that Petitioner was to serve day for day the twenty year sentence.

See Dkt. # 9, Ex. 6. By Order dated October 1, 2007, and filed October 12, 2007, the trial court denied post-conviction relief. See Dkt. # 9, Ex. 6. On October 11, 2007, Petitioner filed a Supplemental Application for Post-Conviction Relief. See Dkt. # 9, Ex. 3. By Order filed November 29, 2007, the trial court adjudicated the supplemental application as a second application for post-conviction relief and denied relief. See Dkt. # 9, Ex. 7. The trial court stated that Petitioner had raised two (2) additional grounds for relief, as follows:

1. Ineffective assistance of counsel for not raising "Dead Bang" winner about unconstitutional Affidavit for Search Warrant.

>   2. Ineffective assistance of appellate counsel for failure to raise the issue of Unconstitutional Search Warrant affidavit.

See Dkt. # 9, Ex. 7.

On March 27, 2008, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). On April 23, 2008, Petitioner filed an amended petition (Dkt. # 4). Petitioner raises four (4) grounds of error in his amended petition as follows:

>   Ground 1: Illegal search and seizure; constitutionally insufficient search warrant affidavit.
>
>   Ground 2: Trial counsel was ineffective at Jackson v. Denno hearing.
>
>   Ground 3: Trial judge did not instruct jury that I was to serve day for day twenty year sentence.
>
>   Ground 4: Ineffective assistance of trial and appellate counsel for failure to raise the issue of affidavit.

(Dkt. # 4). In the brief in support of the motion to dismiss (Dkt. # 9), filed June 16, 2008, Respondent states that Petitioner raised his habeas claims in his applications for post-conviction relief, but because he did not pursue a post-conviction appeal, his claims were unexhausted. For that reason, Respondent argues that this action must be dismissed.

In response to Respondent's motion to dismiss, Petitioner filed a motion to stay (Dkt. # 12). Petitioner has also supplemented the record with a copy of an Order by the OCCA, filed September 16, 2008, dismissing his post-conviction appeal as untimely. See Dkt. # 13.

*ANALYSIS*

The Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." 28 U.S.C. § 2254(b); Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509 (1982). To exhaust a claim, a habeas corpus petitioner in custody pursuant to an Oklahoma state court judgment must have "fairly presented" that specific claim to the OCCA. See Picard v. Conner, 404 U.S. 270, 275-76 (1971). The exhaustion requirement is based on the doctrine of comity. Coleman, 501 U.S. at 731. Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (*per curiam*).

Upon review of the record and based on events occurring during the pendency of Respondent's motion to dismiss, the Court finds the motion to dismiss for failure to exhaust available state remedies should be denied and Respondent should be directed to respond to the claims raised in the petition. The Court agrees with Respondent that at the time the motion to dismiss was filed, on June 16, 2008, Petitioner's claims had not been presented to the OCCA and were unexhausted. However, the Court has reviewed the docket sheet for PC-2008-635,[1] and takes judicial notice that on June 30, 2008, or after Respondent filed the motion to dismiss, Petitioner filed a petition in error at the OCCA to commence his post-conviction appeal. By order filed September 16, 2008, the OCCA dismissed the post-conviction appeal as untimely. Because the post-conviction proceedings are now concluded and based on Petitioner's averment that he raised his habeas corpus

---

[1] Docket sheet viewed at www.oscn.net.

4

claims in his post-conviction appeal, the Court finds that Petitioner has satisfied the exhaustion requirement for the claims raised in the petition.

Therefore, the Court concludes Respondent's motion to dismiss for failure to exhaust state remedies shall be denied and Respondent shall respond to the claims raised in the petition. The Court further finds that because the OCCA has completed review of Petitioner's post-conviction appeal, Petitioner's "motion to stay" has been rendered moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 8) is **denied**.

2. Within thirty (30) days of the entry of this Order, Respondent shall respond to the claims raised in the petition. <u>Extensions of time will be granted for good cause only</u>. See Rule 4, Rules Governing § 2254 Cases.

3. Petitioner may file a **reply brief** within thirty (30) days after the filing of Respondents' response to the petition.

4. Petitioner's "motion to stay" (Dkt. # 12) is **declared moot**.

**DATED** this 17th day of November, 2008.

_Claire V. Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

5