# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DWAYNE WINFREY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 08-CV-0174-CVE-TLW |
| | ) |
| JAMES RUDEK, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court are the petition for writ of habeas corpus (Dkt. # 1), the amended petition (Dkt. # 4), and the supplemental petition (Dkt. # 20), all filed by Petitioner, a state inmate appearing *pro se*. After the Court denied a motion to dismiss for failure to exhaust, see Dkt. # 14, Respondent filed a response (Dkt. # 15) to the amended petition. Petitioner filed a reply (Dkt. # 16). Thereafter, Petitioner filed a "supplemental of [sic] petition for writ of habeas corpus" (Dkt. # 20). In compliance with the Court's Order (Dkt. # 22), filed February 11, 2011, Respondent filed a supplemental response (Dkt. # 23) and provided additional state court record (Dkt. # 23, 24, and 25). Petitioner did not file a supplemental reply and his deadline has passed. For the reasons discussed below, the Court finds the claims raised in the amended petition shall be denied as procedurally barred. The single claim raised in the "supplemental petition" shall be denied. As a preliminary matter, the Court finds that because the amended petition replaces and supersedes the original petition, the original petition (Dkt. # 1) shall be declared moot.

## BACKGROUND

On the morning of December 21, 2005, Tulsa Police officers executed a search warrant at a residence, located at 7854 S. 66th East Avenue, Tulsa, Oklahoma. Present in the home were Petitioner Dwayne Winfrey, his mother, Paula Winfrey, and his stepfather, Thomas Payton. During the search of the residence, officers recovered, *inter alia*, two (2) baggies filled with white powder, which later proved to be 45.77 grams of cocaine. The cocaine did not have a tax stamp affixed to its packaging. Officers also recovered a digital scale. While at the residence, one of the police officers, Officer Collins, questioned Petitioner. Petitioner told Officer Collins that the cocaine found in the bathroom was his, and that his mother had nothing to do with it.

Based on those events, Petitioner was convicted by a jury of Trafficking in Illegal Drugs (Cocaine) (Count I), and Failure to Obtain a Drug Tax Stamp (Count II), both After Former Conviction of a Felony, in Tulsa County District Court, Case No. CF-2005-5770. He was sentenced to twenty (20) years imprisonment and fined $25,000 on Count I, and fined $3,000 on Count II. Petitioner was represented at trial by Assistant Public Defender Paula Keck.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented on appeal by attorney Stephen J. Greubel, Petitioner raised one (1) proposition of error, as follows:

1. The state failed to sustain its burden of proving that Appellant Winfrey knowingly and intelligently waived his Fifth Amendment privilege.

See Dkt. # 9, Ex. 1. In an unpublished summary opinion, filed June 13, 2007, in Case No. F-2006-545, the OCCA rejected the claim and affirmed the judgment and sentence of the trial court. (Dkt. # 9, Ex. 5).

On August 15, 2007, Petitioner filed an application for post-conviction relief (Dkt. # 9, Ex. 2). He alleged three (3) grounds of error, as follows:

1. The affidavit for the search warrant in this case was insufficient.

2. Trial counsel was ineffective at *Jackson v. Denno* hearing.

3. Trial judge did not instruct jury that Petitioner was to serve day for day the twenty year sentence.

See Dkt. # 9, Ex. 6. By Order filed October 12, 2007, the trial court denied post-conviction relief. See id. On October 11, 2007, Petitioner filed a Supplemental Application for Post-Conviction Relief. See Dkt. # 9, Ex. 3. By Order filed November 29, 2007, the trial court adjudicated the supplemental application as a second application for post-conviction relief and denied relief. See Dkt. # 9, Ex. 7. The trial court stated that Petitioner had raised two (2) additional grounds for relief, as follows:

1. Ineffective assistance of counsel for not raising "Dead Bang" winner about unconstitutional Affidavit for Search Warrant.

2. Ineffective assistance of appellate counsel for failure to raise the issue of Unconstitutional Search Warrant affidavit.

See id. Petitioner did not attempt to perfect a post-conviction appeal until June 30, 2008. See Dkt. # 15, Ex. 8. By order filed September 16, 2008, in Case No. PC-2008-635, the OCCA dismissed the post-conviction appeal under Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*, based on Petitioner's failure to file a petition in error and brief within thirty (30) days from the date the final order was filed with the clerk of the trial court. See Dkt. # 15, Ex. 8.

On March 27, 2008, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). On April 23, 2008, Petitioner filed an amended petition (Dkt. # 4). Petitioner identifies four (4) grounds of error in his amended petition as follows:

3

Ground 1: Illegal search and seizure; constitutionally insufficient search warrant affidavit.

Ground 2: Trial counsel was ineffective at Jackson v. Denno hearing.

Ground 3: Trial judge did not instruct jury that I was to serve day for day twenty year sentence.

Ground 4: Ineffective assistance of trial and appellate counsel for failure to raise the issue of affidavit.

(Dkt. # 4). In his "supplemental petition" (Dkt. # 20), Petitioner argues that he did not knowingly waive his Miranda[1] rights at the time of his arrest when he was interviewed by Tulsa Police Officer Collins. In response to the amended petition, Respondent asserts that the claims raised in the amended petition are procedurally barred. See Dkt. # 15. In his supplemental response, Respondent asserts that Petitioner is not entitled to habeas corpus relief on the claim raised in the "supplemental petition." See Dkt. # 23.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Petitioner is not entitled to habeas corpus relief on claim raised in "supplemental petition"**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

"was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In his "supplemental of [sic] petition for writ of habeas corpus" (Dkt. # 20), Petitioner challenges the voluntariness of his confession. On direct appeal, Petitioner claimed that the state failed to prove that he knowingly and intelligently waived his rights under Miranda before he confessed to Tulsa Police Officer Collins that the cocaine found in the bathroom of the house was his. See Dkt. # 23, Ex. 3. Petitioner's argument was based on the fact that he did not sign a waiver of rights form, his confession was not video- or audio-taped, and none of the other police officers present in the home were called to testify to confirm that Petitioner had been advised of his rights under Miranda and that he voluntarily waived those rights prior to interrogation by Officer Collins. Id. The OCCA adjudicated the claim as follows:

> [W]e find the evidence presented during the suppression hearing sufficient to support the trial court's finding the Appellant was read his *Miranda* rights, understood them, and knowingly and voluntarily waived them. *See Battiest v. State*, 1988 OK CR 95, ¶ 6, 755 P.2d 688, 690 (the suppression of evidence is a judicial question and this Court will not reverse the trial court upon a question of fact where there is a conflict of evidence, and there is competent evidence reasonably tending to support the

5

judge's finding). *See also Smith v. State*, 2007 OK CR 16, ¶ 44, ___ P.3d ___ (the State must prove the validity of a *Miranda* waiver by a preponderance of the evidence and where sufficient evidence supports the trial court's in camera ruling that a defendant's statements are voluntary, we will not disturb that ruling); *Gilbert v. State*, 1997 OK CR 71, ¶ 36, 951 P.2d 98, 110 (waiver of *Miranda* rights may be manifested by other than an express statement to that effect and a valid waiver can be found from the surrounding circumstances).

(Dkt. # 23, Ex. 3).

Under the Due Process Clause a confession is involuntary "if the government's conduct causes the defendant's will to be overborne and his capacity for self-determination critically impaired." United States v. McCullah, 76 F.3d 1087, 1101 (10th Cir. 1996) (internal quotation marks omitted). Under Miranda, waiver of the right to counsel and the right to remain silent must be knowing, voluntary and intelligent – "voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception" and "made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." United States v. Brown, 287 F.3d 965, 973 (10th Cir. 2002). Both tests require a reviewing court to consider the totality of the circumstances, including the individual characteristics of the defendant. See McCullah, 76 F.3d at 1101; Brown, 287 F.3d at 973.

Nothing in the record indicates that Petitioner's confession was either coerced in violation of the Due Process Clause, or that his waiver of Miranda rights was not knowing, voluntary, and intelligent. Prior to admission of Officer Collins' testimony regarding Petitioner's confession, the trial court conducted a Jackson v. Denno[2] hearing outside the presence of the jury. See Dkt. # 25, Tr. Trans. at 138-169. Officer Collins testified that he interviewed Petitioner at the house where the

---

[2]Jackson v. Denno, 378 U.S. 368, 376 (1964) ("A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined.").

6

search warrant was executed, and that Petitioner did not appear to be under the influence of drugs or alcohol, he appeared to understand, and no threats or promises were made. Id. at 141, 143-44. Officer Collins also testified that he advised Petitioner of his Miranda rights, id. at 141, and that Petitioner did not request an attorney and before he began talking to Officer Collins voluntarily. Id. at 143. In contrast, Petitioner testified that Officer Collins did not advise him of his rights under Miranda prior to interviewing him. See id. at 153. At the conclusion of the Jackson v. Denno hearing, the trial judge overruled Petitioner's motion to suppress his statement. Id. at 169.

Upon consideration of the record, including the transcript of the Jackson v. Denno hearing, the trial court's ruling at the end of the hearing, and the trial testimony of Officer Collins, see Dkt. # 25, Tr. Trans. at 188-92, the Court finds that Petitioner understood and voluntarily waived his rights to counsel and to remain silent. There is no evidence of police coercion, trickery, or psychological pressure. The Court finds Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). Furthermore, the state courts examined the circumstances surrounding Petitioner's confession and made a finding of fact that the confession was made voluntarily and knowingly. Under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the habeas petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner has presented no evidence to rebut the presumption of correctness applicable to the state courts' finding that his statement to Officer Collins was made voluntarily and knowingly. He is not entitled to habeas corpus relief on this claim.

## C. Claims raised in amended petition are procedurally barred

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds. Coleman v. Thompson, 501 U.S. 722, 729 (1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). A finding of procedural default is an "adequate" state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

In this case, all of the claims raised by Petitioner in his amended petition for writ of habeas corpus claim were first raised in his applications for post-conviction relief. See Dkt. # 15, Ex. 6. After the state district court denied relief, see id., the Oklahoma Court of Criminal Appeals ("OCCA") imposed a procedural bar on Petitioner's claims and dismissed the post-conviction appeal because Petitioner failed to file the post-conviction appeal within the time constraints imposed by Rule 5.2(C), *Rules of the Court of Criminal Appeals*. See Dkt. # 15, Ex. 8. The OCCA specifically cited to Rule 5.2(C) (providing that the petition in error and supporting brief must be filed within thirty (30) days of the filing of the trial court's final order), as authority for the procedural bar. See id.

The OCCA's dismissal of the post-conviction appeal was based on both an independent and an adequate state procedural ground. The imposition of a procedural bar was an "independent" state ground because "it was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. The OCCA's reliance on Rule 5.2(C) for imposition of a procedural bar was also an "adequate" ground. See Johnson v. Champion, 288 F.3d 1215, 1227 n.3 (10th Cir. 2002) (finding that failure to comply

with Rule 5.2(C) is an "adequate" ground); Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir. 1998) (same). Therefore, federal habeas corpus review of Petitioner's claims is precluded absent a showing by Petitioner of "cause and prejudice" for the default or that a fundamental miscarriage of justice will result if Petitioner's claims are not considered. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997).

The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his reply to Respondent's response, Petitioner complains of the handling of his direct appeal and apologizes for his failure to follow the rules. See Dkt. # 16. He further states that he thought his case "would automatically be transferred to OCCA." See id. The Court finds Petitioner's "lack of knowledge" and misunderstanding of state appellate procedure do not constitute adequate cause for his failure to comply with Oklahoma's appellate filing rules. See Gilkey v. Kansas, 58 Fed.Appx. 819, *2 (10th Cir. Feb. 4, 2003) (unpublished) (citing Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir. 1991)). Petitioner has not provided any evidence suggesting interference by state officials in the delivery of his post-conviction paperwork or that some objective factor, other than his own actions, impeded his efforts to comply with the state procedural rules. As

a result, the Court finds Petitioner has failed to demonstrate "cause" sufficient to overcome the procedural bar applicable to his claims.

Petitioner's only other means of gaining federal habeas review is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Petitioner does not assert that he is actually innocent of the crimes for which he was convicted. Therefore, he does not fall within the fundamental miscarriage of justice exception. The Court concludes that Petitioner's claims raised in the amended petition are procedurally barred and habeas corpus relief must be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His amended petition for writ of habeas corpus and "supplemental petition" shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The original petition for a writ of habeas corpus (Dkt. # 1) is **declared moot**.
2. The amended petition for writ of habeas corpus (Dkt. # 4) is **denied**.
3. The claim raised in the "supplemental petition" (Dkt. # 20) is **denied**.
4. A separate judgment shall be entered in this case.

**DATED** this 23rd day of March, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT