**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DWAYNE WINFREY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 08-CV-0174-CVE-TLW |
| | ) |
| JAMES RUDEK, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. By Opinion and Order filed March 23, 2011 (Dkt. # 26), the Court denied relief on the claims raised in the amended and supplemental petitions. The Court entered Judgment (Dkt. # 27) in favor of Respondent on March 23, 2011. On April 5, 2011, Petitioner filed a "petition to vacate the order" (Dkt. # 28). By Order filed April 12, 2011 (Dkt. # 33), the Court denied the "petition to vacate the order." On May 11, 2011, Petitioner filed a notice of appeal (Dkt. # 35). On May 13, 2011, he filed a request for a certificate of appealability (Dkt. # 38).

As a preliminary matter, the Court notes that on April 26, 2011, Petitioner filed a "motion to disqualify and request for assignment of case to impartial and competent judge" (Dkt. # 34). Petitioner complains that the Order (Dkt. # 33) denying the "petition to vacate order" was arbitrary and reflects partiality to Respondent because he sought relief under Rule 60(b) and the Court adjudicated the motion under Rule 59(e).[1] See Dkt. # 34. Petitioner also alleges that the Court's Order was not "a competent order." For those reasons, he requests that the undersigned be disqualified and the case be assigned to an "impartial and competent judge." Id.

---

[1] For the same reasons set forth in the Order filed April 12, 2011 (Dkt. # 33), the "petition to vacate the order" would have been denied had it been adjudicated under Rule 60(b).

To disqualify a judge under 28 U.S.C. § 455(a), a movant must show that a reasonable person, knowing all of the circumstances, would harbor doubts about the judge's impartiality; rumor, speculation, and opinions are not sufficient. Cauthon v. Rogers, 116 F.3d 1334, 1336 (10th Cir. 1997) (citing Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997); United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993)). Furthermore, the movant must establish that the judge has a personal bias or prejudices. Green v. Branson, 108 F.3d at 1305. Disqualification must be predicated "upon extrajudicial conduct rather than on judicial conduct," and upon "a personal bias 'as distinguished from judicial one,' arising 'out of the judge's background and association' and not from the 'judge's view of the law.'" Green v. Nevers, 111 F.3d 1295, 1303-04 (6th Cir. 1997) (citations omitted).

Petitioner fails to allege facts demonstrating personal bias or prejudice. In essence, Petitioner complains of the ruling against him by the undersigned. However, adverse rulings "cannot in themselves form the appropriate grounds for disqualification." Green v. Dorrell, 969 F.2d 915, 919 (10th Cir. 1992). The Court finds that Petitioner has failed to make the showing necessary to justify disqualification and concludes that Petitioner's motion to disqualify should be denied.

As to the notice of appeal, Petitioner did not submit the $455 appellate filing fee along with the notice of appeal. A review of the record reveals that after being denied leave to proceed *in forma pauperis*, see Dkt. # 3, Petitioner paid the $5.00 filing fee to commence this habeas corpus action. Before this appeal may proceed, therefore, Petitioner must either pay in full the $455.00 appellate filing fee or file a motion to proceed on appeal *in forma pauperis*. Petitioner shall be required to cure this deficiency within thirty (30) days of the entry of this Order.

Pursuant to 28 U.S.C. § 2253, a petitioner is required to obtain a certificate of appealability before appealing a final order in a habeas corpus proceeding. Section 2253(c) instructs that the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the Oklahoma Court of Criminal Appeals was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. Petitioner's request for a certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that

1. Petitioner's "motion to disqualify and request for assignment of case to impartial and competent judge" (Dkt. # 34) is **denied**.

2. Within thirty (30) days of the entry of this Order, or by **June 15, 2011**, Petitioner must either pay in full the $455.00 filing fee or submit a motion to proceed on appeal *in forma pauperis*.

3. The Clerk is directed to mail to Petitioner a blank motion for leave to proceed *in forma pauperis* (form AO-240), marked Case No. 08-CV-174-CVE-TLW.

4. Petitioner's request for a certificate of appealability (Dkt. # 38) is **denied**.

5. The Clerk is directed to send a copy of this Order to the Tenth Circuit Court of Appeals.

**DATED** this 16th day of May, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT