**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DWAYNE WINFREY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 08-CV-174-CVE-TLW ) |
| JAMES RUDEK, Warden, | ) ) |
| Respondent. | ) ) |

**OPINION AND ORDER**

On October 30, 2012, Petitioner, a state inmate appearing *pro se*, filed a "motion for relief (pursuant to Rule 60(b) Fed.R.Civ.P.)" (Dkt. # 47). The record for this matter reflects that on March 23, 2011, the Court denied Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus and entered Judgment in favor of Respondent. See Dkt. ## 26 and 27. Petitioner appealed to the Tenth Circuit Court of Appeals. On August 1, 2011, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. See Dkt. # 45. For the reasons discussed below, the Court shall dismiss Petitioner's Rule 60(b) motion as a second or successive petition for writ of habeas corpus filed without prior authorization from the Tenth Circuit Court of Appeals.

In his Rule 60(b) motion, Petitioner argues that he is entitled to relief under Fed. R. Civ. P. 60(b) based on his claims of "illegal search and seizure, the lack of a Miranda rights waiver, ineffective assistance of counsel and the police corruption -- the various kinds diagramed in previous memoranda." See Dkt. # 47 at 3. Those claims constitute substantive grounds for relief, rather than claims challenging procedural rulings by this Court. As a result, the Rule 60(b) motion is a second or successive § 2254 petition. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005) (finding that a motion for relief from judgment, seeking to advance one or more substantive claims, qualified as a "second or successive habeas petition"); see also Lopez v. Douglas, 141 F.3d 974 (10th Cir. 1998);

Felker v. Turpin, 101 F.3d 657, 661 (11th Cir. 1996) (stating that "Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions").

However, Petitioner filed his Rule 60(b) motion without first receiving authorization from the Tenth Circuit Court of Appeals. See 28 U.S.C. § 2244(b). As a result, this Court lacks jurisdiction to consider the motion. Lopez, 141 F.3d at 975-76. Petitioner is required to comply with relevant statutory provisions and must obtain prior authorization from the Tenth Circuit before filing a second or successive § 2254 petition in this district court. 28 U.S.C. § 2244(b).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Upon review of Petitioner's Rule 60(b) motion, the Court finds it would be a waste of judicial resources to transfer the motion to the Tenth Circuit for authorization. The motion was filed more than four (4) years after the petition was filed in this case and more than one (1) year after the Tenth Circuit Court of Appeals dismissed Petitioner's appeal. Petitioner makes no claim of actual innocence and the motion does not contain evidence that could not have been discovered with due diligence at the time of sentencing. Therefore, any constitutional claim contained in the motion is time-barred. See 28 U.S.C. § 2244(d). Nothing provided by Petitioner indicates that he is entitled to equitable tolling of the one-year limitations period. Cf. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se Petitioner, generally does not excuse prompt filing.'"(citations omitted)). Furthermore, Petitioner has failed to articulate a claim that is likely to have merit. For those reasons, the Court concludes that it would be a waste of judicial resources to transfer this matter to the Tenth Circuit for authorization. Therefore, the Rule 60(b) motion shall be dismissed without prejudice for lack of jurisdiction.

Lastly, the Court notes that Petitioner asks for relief, as follows:

> 1. to reverse with instructions to dismiss. 2. Award pursuant to title 51 § 154 $175,000. Wrongful criminal felony conviction resulting in imprisonment. Together with § 1983 damages for years of imprisonment embarrassment, the suffering of great humiliation and mental suffering. 3. Order hearings for the recovery of medical bills pain and suffering $350,000, lost wages, for the occurrence of 11-07-12 [sic]. 4. Award sole custody of children in Jesus' name.

See Dkt. # 47 at 4. Only Petitioner's first basis for relief is cognizable in a habeas corpus action. Petitioner is advised that any request for damages based on a "wrongful criminal felony conviction," even if asserted under 42 U.S.C. § 1983, will not accrue unless and until his criminal convictions are set aside. Edwards v. Balisok, 520 U.S. 641, 643 (1997) ("[A] state prisoner's claim for

damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994))). In addition, the Court lacks jurisdiction to consider Petitioner's requests that he be compensated for medical bills, pain and suffering, and lost wages resulting from a gunshot wound he allegedly sustained in November 2005, and that he be awarded sole custody of his children as those requests are improperly asserted in this habeas corpus action. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (stating that "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"); Lehman v. Lycoming County Children's Serv. Agency, 458 U.S. 502, 511 (1982) (stating that "federal habeas has never been available to challenge parental rights or child custody").

**ACCORDINGLY, IT IS HEREBY ORDERED that** Petitioner's Rule 60(b) motion (Dkt. # 47) is **dismissed without prejudice** for lack of jurisdiction as a second or successive petition for writ of habeas corpus filed without prior authorization from the Tenth Circuit Court of Appeals.

DATED THIS 1st day of November, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE